IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALLAN DON MCCLAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-192-Z-BR |
| | § | |
| HECTOR E. GALVAN *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Original Complaint"), filed October 5, 2018. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. Plaintiff filed his Amended Complaint (ECF No. 6) on November 2, 2018. Plaintiff also filed a Motion for Summary Judgment (ECF No. 19) ("Motion") prior to any service on the Defendants. For the reasons discussed herein, the Court **DENIES** Plaintiff's Motion and **DISMISSES** Plaintiff's Amended Complaint.

### FACTUAL BACKGROUND

Plaintiff alleges that on September 24, 2017, Defendant Brinson failed to follow proper TDCJ procedure when he released a fellow inmate, "Offender Green," from his cell without performing a full strip search. ECF No. 6 at 4. Offender Green proceeded to the dayroom area where other inmates were located. *Id.* Plaintiff alleges that Defendant Galvan failed to properly secure the dayroom, allowing Offender Green to enter with a fan motor — presumably an altered

weapon. *Id.* In his Original Complaint, Plaintiff alleged that, while Defendants were transporting Plaintiff and other inmates to the dayroom for recreation, another inmate shouted that Offender Green may have a fan motor on him. ECF No. 3 at 2. Plaintiff alleges Defendants questioned Offender Green about the possession of any fan motor or weapons. *Id.* Offender Green denied such possession. *Id.* Plaintiff alleges that — without further investigation — Defendants allowed Plaintiff and the other inmates to enter the dayroom. *Id.* Offender Green then attacked and injured Plaintiff. *Id.* Plaintiff was transported to the hospital and treated for his injuries. *Id.* at 3.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

**ANALYSIS**

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The Eighth Amendment standard enunciated in *Farmer* applies to a prisoner's claim that prison officials failed to protect him from harm inflicted by other inmates. Thus, prison officials can be held liable for their failure to protect an inmate, but only when they are deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998).

Plaintiff alleges both Defendants ignored prison protocols which directly led to his injuries. ECF No. 3 at 2-3; ECF No. 6 at 4. The failure to follow prison protocols alone is insufficient to establish a constitutional violation. *See Pearson v. William*, No. 20-40650, 2022 WL 39000, at *1 (5th Cir. Jan. 4, 2022); *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

"It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. Instead, the standard to employ is whether prison officials were "deliberately indifferent" to the safety needs of an inmate. *Id.*; *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Here, Plaintiff acknowledges that Defendants questioned Offender Green about the possession of any contraband or weapons before allowing other inmates to enter the area. ECF No. 3 at 2. Although Defendants failed to find the weaponized fan motor prior to escorting Offender Green to the dayroom and to search

Offender Green before allowing other inmates into the dayroom, Plaintiff's allegations do not constitute deliberate indifference.

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999). To satisfy the exacting deliberate indifference standard, a defendant's conduct must rise "to the level of egregious intentional conduct." *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir. 2006). The Court recognizes that Plaintiff suffered significant injuries at the hands of Offender Green and Defendants failed to take additional actions that could have protected the Plaintiff. Defendants' actions in questioning Offender Green, however, were an attempt to protect Plaintiff from harm. They were not deliberate conduct designed to shirk their respective duties. *See Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (referring matter for further investigation or taking similar administrative steps is a reasonable discharge of duty to protect).

### CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **DENIES** the Motion and **ORDERS** the Amended Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** for failure to state a claim.

**SO ORDERED**.

February 16, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4